**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| JORDAN ZITO, et. al.,<br><br>Plaintiffs<br><br>v.<br><br>UNITED STATES SUPREME COURT, et. al.,<br><br>Defendants. | Case No. 3:24-CV-00295-MMD-CLB<br><br>**REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE**[1] |

Before the Court is Plaintiff Jordan Zito's ("Zito"), application to proceed *in forma pauperis* (ECF No. 1) and complaint (ECF No. 1-1). For the reasons stated below, the Court recommends that Zito's *in forma pauperis* application, (ECF No. 1), be granted, and his complaint, (ECF No. 1-1), be dismissed, with prejudice.

**I.    *IN FORMA PAUPERIS* APPLICATION**

A person may be granted permission to proceed *in forma pauperis* ("IFP") if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefore. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (stating 28 U.S.C. § 1915 applies to all actions filed IFP, not just prisoner actions).

Pursuant to LSR 1-1: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed [IFP]. The application must be made on the form provided by the court and must include a financial affidavit disclosing the

---

[1]   This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.

1  applicant's income, assets, expenses, and liabilities."

2  "[T]he supporting affidavit [must] state the facts as to [the] affiant's poverty with
3  some particularity, definiteness and certainty." *U.S. v. McQuade*, 647 F.2d 938, 940 (9th
4  Cir. 1981) (quotation marks and citation omitted). A litigant need not "be absolutely
5  destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.*,
6  335 U.S. 331, 339 (1948).

7  A review of the application to proceed IFP reveals Zito is unable to pay the filing
8  fee. Accordingly, the Court recommends that the IFP application, (ECF No. 1), be granted.

9  **II.   SCREENING STANDARD**

10  Prior to ordering service on any Defendant, the Court is required to screen an *in
11  forma pauperis* complaint to determine whether dismissal is appropriate under certain
12  circumstances. *See Lopez*, 203 F.3d at 1126 (noting the *in forma pauperis* statute at 28
13  U.S.C. § 1915(e)(2) requires a district court to dismiss an *in forma pauperis* complaint
14  for the enumerated reasons). Such screening is required before a litigation proceeding
15  *in forma pauperis* may proceed to serve a pleading. *Glick v. Edwards*, 803 F.3d 505, 507
16  (9th Cir. 2015).

17  "[T]he court shall dismiss the case at any time if the court determines that – (A)
18  the allegations of poverty is untrue; or (B) the action or appeal – (i) is frivolous or
19  malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks
20  monetary relief against a defendant who is immune from such relief." 28 U.S.C. §
21  1915(e)(2)(A), (B)(i)-(iii).

22  Dismissal of a complaint for failure to state a claim upon which relief may be
23  granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. §
24  1915(e)(2)(B)(ii) tracks that language. When reviewing the adequacy of a complaint
25  under this statute, the court applies the same standard as is applied under Rule 12(b)(6).
26  *See, e.g., Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) ("The standard for
27  determining whether a plaintiff has failed to state a claim upon which relief can be granted
28  under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6)

1  standard for failure to state a claim."). Review under Rule 12(b)(6) is essentially a ruling
2  on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir.
3  2000) (citation omitted).

4  The Court must accept as true the allegations, construe the pleadings in the light
5  most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v.*
6  *McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Allegations in *pro se* complaints
7  are "held to less stringent standards than formal pleadings drafted by lawyers[.]" *Hughes*
8  *v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotations marks and citation omitted).

9  A complaint must contain more than a "formulaic recitation of the elements of a
10 cause of actions," it must contain factual allegations sufficient to "raise a right to relief
11 above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).
12 "The pleading must contain something more. . . than. . . a statement of facts that merely
13 creates a suspicion [of] a legally cognizable right of action." *Id.* (citation and quotation
14 marks omitted). At a minimum, a plaintiff should include "enough facts to state a claim to
15 relief that is plausible on its face." *Id.* at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662,
16 678 (2009).

17 A dismissal should not be without leave to amend unless it is clear from the face
18 of the complaint the action is frivolous and could not be amended to state a federal claim,
19 or the district court lacks subject matter jurisdiction over the action. *See Cato v. United*
20 *States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th
21 Cir. 1990).

22 **III.    SCREENING OF COMPLAINT**

23 In his complaint, Zito states he is suing Defendants United States Supreme Court,
24 Donald J. Trump, Joseph R. Biden, Kamala Harris, NV Senate Seat 1, NV Senate Seat
25 2, NV01, NV02, NV03, NV04, and NV05 (collectively as referred to as "Defendants') on
26 behalf of the State of Nevada. (ECF No. 1-1.) Zito states the basis for subject matter
27 jurisdiction is 18 U.S.C. § 1341 (criminal mail fraud); 42 U.S.C. § 5121 (Congressional
28 findings and declarations); Amendments 1-11 and 14 of the United States Constitution,

as well as Article III Section 1 of the Constitution. (*Id.* at 1.) Zito's complaint states, in part: "I not only 'dissent' to Donald J. Trump vs United States; but I vehemently OPPOSE, and this is my formal opposition hereto pursuant to Preliminary Waiver Agreement…. If Congress won't stand up for their intents of the legislation they are publishing as being passed, I will." (*Id.* at 1-2 (emphasis in original).)

Even construing the allegations of Zito's complaint liberally, the Court cannot conceive or construe any specific set of circumstances under which these conclusory statements would give rise to any federal constitutional or statutory right. The complaint is vague, rambling, and nonsensical. Dismissal on those grounds alone is appropriate. Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quotation and alteration omitted).

Zito's largely incomprehensible narrative makes it impossible for the Court to identify the factual or legal basis for his claims. Further, Zito does not provide sufficient information to determine which causes of action he wishes to proceed under, nor does he show how he is entitled to the relief sought. Zito states no claim upon which relief may be granted, therefore this action should be dismissed with prejudice. Leave to amend is not appropriate because the deficiencies in Zito's complaint cannot be cured by amendment, making amendment futile. *See Cato*, 70 F.3d at 1106.

## IV. CONCLUSION

For good cause appearing and for the reasons stated above, the Court recommends that Zito's application to proceed *in forma pauperis*, (ECF No. 1), be granted and his complaint, (ECF No. 1-1), be dismissed, with prejudice, as amendment would be futile.

The parties are advised:

1.   Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and

Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

**V.     RECOMMENDATION**

**IT IS RECOMMENDED** that Zito's application to proceed *in forma pauperis*, (ECF No. 1), be **GRANTED**;

**IT IS FURTHER RECOMMENDED** that the Clerk **FILE** the complaint, (ECF No. 1-1);

**IT IS FURTHER RECOMMENDED** that Zito's complaint, (ECF No. 1-1), be **DISMISSED, WITH PREJUDICE**; and,

**IT IS FURTHER RECOMMENDED** that this action be **CLOSED**, and judgment be entered accordingly.

**DATED**:  July 15, 2024  .

_____
**UNITED STATES MAGISTRATE JUDGE**