UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JORDAN ZITO, *et al.*, <br><br>                Plaintiffs, <br>    v. <br><br>UNITED STATES SUPREME COURT, *et al.*, <br><br>                Defendants. | Case No. 3:24-cv-00295-MMD-CLB <br><br>ORDER |

    *Pro se* Plaintiff Jordan Zito filed an application to proceed *in forma pauperis* ("IFP") (ECF No. 1) and a civil complaint (ECF No. 1-1 ("Complaint")). Before the Court is the Report and Recommendation ("R&R") of United States Magistrate Judge Carla L. Baldwin recommending that the Court grant Plaintiff's IFP application and dismiss the Complaint with prejudice. (ECF No. 3.) Objections to the R&R were due July 29, 2024. (*See id.*) To date, Zito has not objected to the R&R. For this reason, and as further explained below, the Court will adopt the R&R in full and will dismiss this action with prejudice.

    Because there was no objection, the Court need not conduct de novo review, and is satisfied that Judge Baldwin did not clearly err. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1116 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and recommendations is required if, but *only* if, one or both parties file objections to the findings and recommendations.") (emphasis in original).

    First, as to Plaintiff's IFP application, the Court agrees with Judge Baldwin that Zito has demonstrated his IFP status. (ECF No. 3 at 1-2.) *See* 28 U.S.C. § 1915(a)(1); LSR 1-1. The Court thus grants the IFP application (ECF No. 1). Judge Baldwin next screens the Complaint under 28 U.S.C. § 1915(e)(2). (ECF No. 3 at 2-4.) A complaint in an IFP action is subject to dismissal when the action is frivolous or malicious, fails to state a claim

upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B); Fed. R. Civ. P. 12(b)(6). Allegations in *pro se* complaints are "held to less stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks and citation omitted). The Court adopts Judge Baldwin's recommendation for dismissal because even construing Zito's Complaint liberally, the Court cannot identify the factual or legal basis for his claims. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Zito alleges that he is suing the United States Supreme Court, Donald J. Trump, Joseph R. Biden, Kamala Harris, several Nevada Senate Seats, and "NV01, NV02, NV03, NV04, and NV05" on behalf of the State of Nevada. (ECF No. 1-1.) He purports to bring claims under 18 U.S.C. § 1341 (relating to criminal mail fraud); 42 U.S.C. § 5121 (relating to congressional findings and declarations); Amendments One through Eleven and Fourteen of the United States Constitution; and Article III, Section I of the Constitution. (*Id.*) The narrative supporting these claims is meandering and challenging to follow—Zito moves between discussion of various cases and elected officials but fails to show how he is entitled to any relief. (ECF No. 3 at 4.) *See* Fed. R. Civ. P. 8(a)(2) (requiring that a complaint contain "a short and plain statement of the claim"). Accordingly, because Plaintiff does not state any claim upon which relief may be granted and the deficiencies cannot be cured by amendment, the Court dismisses Zito's Complaint with prejudice. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

It is therefore ordered that Judge Baldwin's Report and Recommendation (ECF No. 3) is accepted and adopted in full.

It is further ordered that Plaintiff's IFP application (ECF No. 1) is granted.

The Clerk of Court is further directed to file the Complaint (ECF No. 1-1).

It is further ordered that the Complaint (ECF No. 1-1) is dismissed with prejudice.

///

///

///

1 The Clerk of Court is further directed to enter judgment accordingly and close this case.

DATED THIS 15th Day of August 2024.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE